# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

JOHN DOE NO. 200, by and through JOHN DOE'S
FATHER, as Next Friend (who is his Father and
Natural Guardian),

                                **Plaintiff,**

**vs.**

**DALLAS COUNTY R-I SCHOOL DISTRICT,**

                               **Defendant.**

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

## COMPLAINT

COMES NOW plaintiff, John Doe No. 200 ("John Doe"), a minor boy, by and through John Doe's Father as Next Friend, Natural Guardian and sole custodian, for his cause of action against defendant, Dallas County R-I School District (the "'School District"), alleges and states as follows:

## PARTIES

1.      John Doe is a minor child and resident of Dallas County, Missouri. He resides with his parent and natural guardian, John Doe's Father, in Dallas County, Missouri. This action is brought with pseudonym to protect the identities of John Doe and his father as this matter concerns the sexual abuse of a minor.[1] John Doe's identity is known or will be made known to Defendant upon agreement that it will remain confidential.

2.      Defendant Dallas County R-I School District (The "School District"), is a political subdivision or agency of Dallas County, Missouri. At all relevant times, Robin Ritchie was the Superintendent of the School District, and managed the day to day operations of the School District.

---

[1] The reference to "No. 200" in the Plaintiff's pseudonym is for purposes of internal reference in the office of Plaintiff's counsel, and is not intended to indicate there are 200 related cases.

The School District operates, controls, and maintains Long Lane Elementary School in Dallas County, Missouri ("Long Lane" or "the School"). John Doe was a student at Long Lane at all relevant times. In addition, the School District employed Ralph Eugene Moyle as a teacher at Long Lane during the relevant time period.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1367, and 20 U.S.C. §1681(a).

4. The Court has venue of this action under 28 U.S.C. § 1391 as the Defendant resides in this District and the events and omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. John Doe was born in 2000. At all relevant times, John Doe attended Long Lane Elementary, where Moyle was a teacher working under the supervision of the School District. Long Lane was a small school of approximately 88 students in the relevant time frame.

6. As principal of Long Lane, Gina Hohensee had a duty to supervise employees assigned to Long Lane, including Moyle, and had a duty to protect the safety of children on school premises, including John Doe.

7. In approximately April 2011, Moyle took John Doe into a closet in the classroom and Moyle put his hand down John Doe's pants and rubbed his penis up and down. Moyle also touched John Doe's buttock and threatened him when he would not stop struggling. Moyle threatened to come to John Doe's house and hurt him with a knife if he told anyone what happened.

8. Principal Hohensee and the School District were on notice of the propensity of Moyle to commit such sexual misconduct as set forth in The United States District Court, Western District of Missouri, Southern Division cases: *John Doe No. 92 v. Dallas County R-I School District*, Case No. 6:12-

2

cv-03296-DPR; *John Doe No. 99 v. Dallas County R-I School District*, Case No. 6:12-cv-03539-RED; and *John Doe No. 98 v. Dallas County R-I School District*, Case No. 6:12-cv-03538-DPR, 8-11. Principal Hohensee and the School District had notice (actual or constructive) of Moyle's conduct before the events described in paragraph 7 occurred.

9. Principal Hohensee and the School District failed to take any action in response to the notice received of a risk of sexual misconduct by Moyle. Principal Hohensee and the School District, continued to give Moyle access to John Doe and his fellow students without warning, limit or restraint.

10. Upon information and belief, it was known to Principal Hohensee and other staff of Long Lane that Moyle chose to "discipline" his male students differently than female students. Moyle would discipline girls by calling them to his desk for a verbal reprimand. Moyle disciplined male students by directing them to go with him into the classroom closet. Upon information and belief, Moyle sexually abused male students when he was alone with them in this manner. At the same time, Moyle stored candy in the classroom closet, which was known to the students. Moyle used the candy to lure boys into the classroom closet, where he sexually abused them.

11. At all relevant times, upon information and belief, Principal Hohensee knew, or should have known, that Moyle had pedophilia proclivities and posed a grave risk of danger to male students entrusted to his care if he were allowed one-on-one unsupervised or unobserved access to the students.

12. Upon information and belief, Moyle sexually abused numerous students, including John Doe 200, while a teacher employed by the School District over a period of years. He has been arrested and charged with abusing at least three students.

13. At all relevant times after the reports described above, Principal Hohensee and other administrators with actual or constructive knowledge of the danger posed by Moyle had the power and

3

authority to engage in corrective measures to prevent Moyle from sexually molesting children at Long Lane, including plaintiff, and failed to engage in any such corrective measures.

14.     As a direct result of Defendant School District's acts and omissions described herein, and the resulting sexual abuse of John Doe by Moyle, John Doe has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life.  He was prevented and will continue to be prevented from performing his daily activities in obtaining a full enjoyment of life.  He has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### COUNT I
### (Violation of Title IX, Education
### Amendments of 1972 - 20 U.S.C. §1681 et seq.)

15.     At all relevant times, the education program or activity at Long Lane Elementary received federal financial assistance.

16.     John Doe had a right to not be subject to sexual discrimination, harassment, or abuse while he participated in the School District's education program or activity receiving federal financial assistance.

17.     Upon information and belief, the School District had notice that Ralph Eugene Moyle posed a grave danger to students in the school of sexual abuse and molestation. The prior complaints as documented in paragraph 8 as well as other facts and circumstances alerted Principal Hohensee, and other School District agents and officials, to Moyle's sexual proclivities with male students.

18.     Principal Hohensee, and other School District officials with notice, had authority to institute corrective measures, in response to the danger posed by Moyle.

4

19. Upon information and belief, the decisions of Principal Hohensee and the School District after receipt of notice to allow Moyle to continue to teach without instituting any corrective measures were official decisions to ignore the danger of sexual abuse to the children in their care.

20. In response to notice that Moyle posed a risk of sexual abuse or molestation to children at Long Lane, Principal Hohensee, Long Lane and the School District could have instituted any of a number of corrective measures that would have prevented the sexual abuse of John Doe, including without limitation, (i) preventing Moyle from having any unobservable conduct with a student on school grounds; (ii) monitoring and more closely supervising Moyle's interactions with his students; (iii) warning Moyle that he could not be alone with any student; (iv) warning parents that Moyle was the subject of complaints of inappropriate behavior of a sexual nature directed toward students; (v) taking adverse employment action against Moyle for his inappropriate behavior with students; (vi) investigating the allegations against Moyle to determine the extent of his inappropriate behavior with J, John Doe and other students; or (vii) any such other action reasonably intended or designed to protect the students at Long Lane from sexual misconduct by Moyle.

21. Despite receipt of notice, Principal Hohensee, the School District, and its agents and representatives, acted with deliberate indifference in failing (i) to take any action to prohibit Moyle from having unsupervised and unobservable access to student; (ii) to warn parents about the allegations against Moyle; (iii) to otherwise restrict Moyle's access to vulnerable students; or (iv) engage in any other corrective measure to prevent Moyle from sexually abusing children at Long Lane, including John Doe.

22. As a result of this gross failure to act, John Doe was sexually abused by Moyle.

23. As a direct result and moving force behind the sexual discrimination, harassment, and abuse described herein, John Doe has suffered severe and permanent psychological and physical

5

injuries, mental anguish, pain and suffering, loss of enjoyment of life, and also the damages detailed in paragraph 14.

WHEREFORE, Plaintiff JOHN DOE, by and through JOHN DOE's FATHER, demands compensatory damages, attorneys' fees, punitive damages, and fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

## COUNT II

### (Negligence)

24. Defendant School District had a duty to protect the students at Long Lane Elementary School, including plaintiff.

25. Defendant School District, by and through its agents, servants and employees knew or should have known of Moyle's dangerous and exploitive sexual propensities and that he was unfit to serve as a teacher at a public elementary school.

26. Despite Defendant School District's knowledge of Moyle's dangerous and exploitive sexual propensities as described above, Defendant School District breached its duty to protect Plaintiff John Doe when it failed to exercise reasonable care in supervising and retaining Moyle, as described in this Complaint.

27. Defendant School District's acts and omissions were willful, wanton and reckless for which punitive damages and or damages for aggravating circumstances are appropriate.

28. As a direct and proximate cause of Defendant's negligence, Plaintiff has suffered severe and permanent physical and psychological injuries, mental anguish, pain and suffering, loss of enjoyment of life, and also the damages detailed in paragraph 14.

6

WHEREFORE, Plaintiff JOHN DOE, by and through JOHN DOE's FATHER, demands compensatory damages against Defendant School District, punitive damages, costs of suit, and all other and further relief as this Court deems appropriate.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands a trial by jury and all issues so triable as a matter of right.

PLACZEK WINGET & PLACZEK

By:  _____

MATHEW W. PLACZEK
Missouri Bar No. 24819
mplaczek@pwplawfirm.com
JENIFER M. PLACZEK
Missouri Bar No. 57293
jplaczek@pwplawfirm.com
1722 S. Glenstone, Suite J
Springfield, MO 65804
Phone: 417-883-4000
*Attorneys for Plaintiff.*

7